**S. Michael IMPERIALE,**
**Jr., M.D., Appellant,**

v.

**HAHNEMANN UNIVERSITY; Hahne-**
**mann University School of Medicine;**
**Board of Trustees of Hahnemann Uni-**
**versity; Alfred W. Martinelli; Alan J.**
**Schwartz, M.D.; Harry Wollman, M.D.;**
**Iqbal F. Paroo.**

**No. 91–1919.**

United States Court of Appeals,
Third Circuit.

Argued May 7, 1992.

Decided June 4, 1992.

James J. Kutz (argued), Charles I. Artz, Harrisburg, Pa., for appellant.

Jon A. Baughman (argued), Thomas R. Mendicino, Christopher M. Arfaa, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellees.

Before: BECKER, NYGAARD and ROTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In this suit against defendants Hahnemann University, its board of trustees, and several of its officers (collectively "Hahnemann"), Michael Imperiale alleges that the defendants' actions in revoking his medical degree did not afford him due process and therefore violated 42 U.S.C. § 1983 (1988). Imperiale's complaint also alleged causes of action under Pennsylvania law. He appeals from an order of the district court for the Eastern District of Pennsylvania that entered judgment against him on his section 1983 claim on the ground that the defendants' actions were not state action, and that remanded his state law claims to state court. See *Imperiale v. Hahnemann University*, 776 F.Supp. 189 (E.D.Pa.1991). This appeal presents the questions whether Hahnemann University, a "state-aided" but not "state-related" institution, has a "symbiotic relationship" with the Commonwealth of Pennsylvania such that official actions of its employees constitute state action, and, even if not, whether Hahnemann's actions in revoking Imperiale's degree had a "close nexus" with the Commonwealth.

Imperiale's complaint was originally filed in state court, but Hahnemann removed the action to federal court under 28 U.S.C. § 1441(b) (1988), based on federal jurisdiction over the section 1983 claim. On its own motion, the district court stayed the state law claims, and ordered that discovery proceed only as to the section 1983 claim. The court also ordered that, after completion of discovery, the parties brief and argue the issue whether Hahnemann acted under color of state law, as a section 1983 claim requires.

At oral argument, the district court, without objection by the parties, decided to sever the state action issue and to hold a bench trial on that issue. At trial, Imperiale offered into evidence numerous proposed findings of facts detailing the relationship between Hahnemann University and the Commonwealth. The district court adopted most of these submissions, which were essentially uncontested, as findings of fact. See 776 F.Supp. at 191–94. The district court ruled, however, that Hahnemann's actions were not state action, and entered judgment for Hahnemann on the section 1983 claim. Id. at 200. The court concluded that it lacked federal jurisdiction over the remaining claims standing alone. Under 28 U.S.C.A. § 1367(c)(3) (West Supp. 1992), the court declined to exercise supplemental jurisdiction over Imperiale's remaining state claims, and instead remanded those claims to Pennsylvania court under 28 U.S.C. § 1447 (1988). 776 F.Supp. at 200.

We have carefully reviewed the parties' submissions and the district court's extensive findings of facts and will affirm the order of the district court for the reasons given in Parts III.A.3 and III.B of its thorough opinion, 776 F.Supp. at 197–200. Specifically, we agree with Judge Shapiro's conclusions that Hahnemann University and the Commonwealth of Pennsylvania do not have a "symbiotic relationship" overall under the test first enunciated in *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), refined in *Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), and *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), and applied by this court in *Krynicky v. University of Pittsburgh*, 742 F.2d 94 (3d Cir.1984), and *Braden v. University of Pittsburgh*, 552 F.2d 948 (3d Cir.1977). We also agree that Imperiale has shown no "close nexus" between the Commonwealth and the specific act complained of: the revocation of Imperiale's medical degree.

The order of the district court will therefore be affirmed.